UNITED STATES DISTRICT COURT
OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER ANDRADE | ) |
| | ) **JURY TRIAL DEMANDED** |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, CHRISTOPHER ANDRADE, ("Mr. Andrade"), and complains of the Defendant, Equifax Information Services, LLC ("Equifax"), stating as follows:

### PRELIMINARY STATEMENT

1.   This is an action for actual, statutory damages and cost brought by Mr. Andrade against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

### JURISDICTION AND VENUE

2.   Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

3.   Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

4. Venue is proper in Suffolk County, Massachusetts because the acts complained of were committed and/or caused by the Defendant within Suffolk County.

## PARTIES

5. Mr. Andrade is a natural person residing in Boston, Suffolk County, Massachusetts.

6. Mr. Andrade is a Consumer as defined by 15 U.S.C. § 1681a(c).

7. Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW., Atlanta, GA 30309.

8. Equifax is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Mr. Andrade' August 2025 Consumer Disclosure

9. On or about August 8, 2025, Mr. Andrade requested a copy of his consumer credit disclosure from Equifax. SEE PLAINTIFF'S EXHIBIT A

10. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Andrade' request, Equifax was required to "clearly and accurately" disclose all information in Mr. Andrade' file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

11. Equifax provided an electronic copy of Mr. Andrade' Consumer Disclosure ("Equifax's Disclosure") to via annualcreditreport.com

## Missing Account Numbers, Missing Account Information and Payment History

12. Making matters even more confusing for Mr. Andrade, Equifax omitted the full Account Numbers, Missing Account Information and Payment History relating to the twelve (12) Dept Of Ed/Aidvantage trade lines.

13. On information and belief, this data furnisher reported the full account numbers, missing account information and payment history belonging to its respective accounts to Equifax, and this information was contained within Equifax's file regarding Mr. Andrade at the time of his request.

14. When Equifax produces and sells reports regarding Mr. Andrade to third parties, the full account numbers, missing account information and payment history are included in its reports.

15. The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

16. Having a duty to disclose all of the information regarding the accounts in Mr. Andrade' file, Equifax breached its duty by failing to provide the account numbers, missing account information and payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

17. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

18. Equifax's disclosure contains collection information that stays on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score.

19. On information and belief, all the aforementioned data furnishers reported full account numbers, missing account information and payment history to Equifax, and this information was contained within Equifax's file on Mr. Andrade at the time of his request for his consumer disclosure.

20. Due to widespread systemic problems, Equifax's automated systems omits all but the last two or four account numbers, missing account information and payment history reported by data furnishers.

21. Equifax knows of this error but, despite such knowledge, has yet to correct it.

22. The failure to disclose full account numbers, missing account information and payment history violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

23. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the

plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

24. The lack of accurate, full account numbers, missing account information and payment history caused Mr. Andrade great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

25. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of all information' in the file." SEE PLAINTIFF'S EXHIBIT B.

26. Equifax's omission of the full account numbers, missing account information and payment history greatly decreases a consumer's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

### Prevalence of Equifax's Account Number Errors, Missing Account Information and Payment History

27. On information and belief, Equifax's Disclosure to Mr. Andrade was generated using a template that extracts database information from a consumer's

file and populates it into various pre-programmed fields on a consumer disclosure form.

28.  On information and belief, this same template is used virtually every time a consumer requests their file from Equifax through www.annualcreditreport.com.

29. On information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

30.  Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number, missing account information and payment history errors.

31.  Thus, every consumer with accounts appearing with missing information in their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began, received a consumer disclosure with the same errors as Mr. Andrade.

32.  Equifax's error has therefore likely affected thousands of consumers.

33.  Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected.

34. Equifax's knowing and repeated conduct warrants an award of punitive damages.

35. Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

36. Mr. Andrade has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

37. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Mr. Andrade deprived his of this right.

## COUNT I
## VIOLATIONS OF THE FCRA

38. Mr. Andrade adopts and incorporates paragraphs 1 - 37 as if fully stated herein.

39. Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Mr. Andrade' request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Andrade, a Consumer, all of the information in his file at the time of the request. Specifically, Equifax disclosed twelve (12) accounts reported without disclosing the full account number, missing account information and payment history or twelve (12) accounts also without the full account numbers,

missing account information and payment history even though full account numbers, missing account information and payment history were reported by the data furnishers.

40. Equifax knowingly provided inaccurate and incomplete information in Mr. Andrade' disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

41. Equifax is therefore liable to Mr. Andrade, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus costs.

42. Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Mr. Andrade, pursuant to 15 U.S.C. § 1681o, for his actual damages, plus costs.

WHEREFORE, Mr. Andrade respectfully requests that the Honorable Court enter judgment against Equifax for:

a. The greater of statutory damages of $1,000 per incident and Mr. Andrade' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Andrade' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 16810(a)(2); and,

d. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Andrade demands a jury trial on all issues so triable.

Respectfully submitted on August 25, 2025, by:

*C. Andrade*

CHRISTOPHER ANDRADE

45 Rexford St

Mattapan, MA 02126

857-212-3076

investmentsty@yahoo.com

## ATTACHED EXHIBIT LIST

A. Mr. Andrade' Equifax Consumer Disclosure, August 8, 2025.
B. FTC Opinion Letter.

C. Mr. Andrade' Letter showing the incomplete data from Equifax Consumer Disclosure, August 8, 2025.