**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUETTS**

Christopher Andrade,
　　　　　*Plaintiff,*

　　versus.

Civil Action No. 1:25-cv-12346-MJJ

Equifax Information Services, LLC,
　　　　　*Defendants.*

## NON-PARTY TYRONE BOZEMAN'S OBJECTION TO SUBPOENA UNDER RULE 45(d)(2)(B)

Non-party *Tyrone Bozeman* hereby serves this written objection to the subpoena issued by Equifax Information Services LLC on June 8, 2026. This objection is timely under *Fed. R. Civ. P. 45(d)(2)(B)* and is based on multiple independent grounds.

### I.　OBJECTION TO PRODUCTION — NO RESPONSIVE DOCUMENTS EXIST

The subpoena commands production of six categories of documents, including:

- agreements or contracts with Plaintiff

- documents showing payments

- communications with Plaintiff

- drafts of filings

- *"any other documents relating to the lawsuit"*

**Mr. Bozeman does not possess any documents responsive to Requests 1–6.**

Accordingly, Mr. Bozeman objects because the subpoena seeks materials that **do not exist**, and compliance would impose undue burden on a non-party in violation of **Rule 45(d)(1).**

## II.    OBJECTION — FAILURE TO TENDER WITNESS FEE (Rule 45(b)(1))

The subpoena commands Mr. Bozeman to appear for a deposition on July 15, 2026.

However, the Proof of Service page states:

*"fees... in the amount of $0.00."*

This violates **Rule 45(b)(1)**, which requires tendering the witness fee and mileage **at the time of service.**

A subpoena requiring attendance is **invalid and unenforceable** until the fee is tendered.

## III.    OBJECTION — UNDUE BURDEN ON A NON-PARTY (Rule 45(d)(1))

Equifax seeks a litigation-wide sweep of documents from a non-party who:

- did not draft Plaintiff's filings
- did not prepare correspondence
- did not receive payments
- did not engage in credit-repair services
- does not possess any responsive materials

Rule 45(d)(1) requires the issuing party to avoid imposing undue burden or expense on a non-party. This subpoena violates that duty.

*See non-party burden protections.*

## IV.    OBJECTION — HARASSMENT AND FISHING EXPEDITION

The Court has already clarified that litigants may:

- share templates

- help each other

- but may not draft or file documents for one another

Mr. Bozeman informed the Court and counsel that he **did not draft Plaintiff's filings.**

Equifax is now attempting to re-investigate this resolved issue through a non-party subpoena. This is a **harassing fishing expedition**, not legitimate discovery.

See **fishing expedition definition**.

## V.    OBJECTION — OVERBREADTH AND IRRELEVANCE

Request No. 6 seeks:

***"any other documents relating to the lawsuit."***

This is facially overbroad, not proportional to the needs of the case, and improper under Rule 26(b)(1). *See* **Exhibit A**

## VI.    RESERVATION OF RIGHTS

Mr. Bozeman reserves all rights to:

- move to quash the subpoena

- seek a protective order

- request sanctions under Rule 45(d)(1)

- request oral argument

***See motion to quash standards.***

## VII.    CONCLUSION

For the reasons stated above, Mr. Bozeman objects to the subpoena in full under *Rule 45(d)(2)(B)*. No documents will be produced because none exist, and the subpoena is procedurally defective, overbroad, and harassing.

***Respectfully submitted,***

**Tyrone Bozeman**
*26 Abbot Street*
*Boston, MA 02124*

**Dated:** July 6, 2026.